Brittany Weiner, Esq.
IMBESI LAW P.C.
450 Seventh Avenue, Suite 1408
New York, New York 10123
(646) 767-2271
Brittany@lawicm.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JACOB STERN, individually, and on behalf
of all others similarly situated,

        Plaintiff,

        v.

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF TRANSPORTATION, THE NEW
YORK CITY DEPARTMENT OF FINANCE, THE NEW
YORK CITY PARKING VIOLATIONS BUREAU, and
THE NEW YORK CITY POLICE DEPARTMENT,

        Defendants.
-----------------------------------------------------------------X

      **Case No.:**

      **CLASS ACTION**
      **COMPLAINT**

    Plaintiff Jacob Stern ("Mr. Stern" or "Plaintiff"), by and through his attorneys, Imbesi

Law P.C., brings this putative class action on behalf of himself and all other similarly situated

persons (collectively "Class") against Defendants the City of New York ("NYC"), the New York

City Department of Transportation ("DOT"), the New York City Department of Finance

("DOF"), the New York City Parking Violations Bureau ("PVB") and the New York City Police

Department ("NYPD") (collectively "Defendants"), and alleges, with personal knowledge as to

his own actions and upon information and belief as to those of others, as follows:

**NATURE OF THE ACTION**

    1.  Plaintiff brings this putative class action against Defendants seeking damages

sustained as a direct and proximate result of Defendants violations of 42 U.S.C. § 1983, the Fifth

and Fourteenth Amendments of the United States Constitution, Article 1, Section 6, of the New

York State Constitution, fraudulent concealment and/or inducement, negligent misrepresentation and unjust enrichment in connection with Defendants' practice of routinely issuing and collecting fines for violations that do not exist and which Plaintiff and Class members did not commit. Plaintiff and putative Class members have been, and continue to be, injured by Defendants' actions.

2.      Plaintiff is one of thousands of individuals who was issued and paid for Notices of Violation alleging violations of Title 34, Chapter 4, Section 4-08(h), of the Rules of the City of New York ("Muni Meter Rules") that did not exist and which they did not commit.

3.      Defendants have known, or should have known, that from April 20, 2017, to the present, the Muni Meter Rules did not contain a Section 4-08(h)(10). Nevertheless, Defendants continued to issue Notices of Violation for alleged violations of Section 4-08(h)(10), causing Plaintiff and Class members to pay for violations that did not exist and which they did not commit.

4.      Without correcting its material misrepresentations or omissions, Defendants have accepted payment from Plaintiff and Class members for alleged violations of Section 4-08(h)(10), and continue to do so, without informing Plaintiff and Class members that the Muni Meter Rules do not contain a Section 4-08(h)(10).

5.      With notice and knowledge of its material misrepresentations or omissions, Defendants have not offered to refund Plaintiff and Class members all fines paid for alleged violations of Section 4-08(h)(10) of the Muni Meter Rules.

6.      With notice and knowledge of its material misrepresentations or omissions, Defendants have not dismissed Plaintiff's and Class members' Notices of Violation, *sua sponte*, for failing to allege a valid violation of the Muni Meter Rules.

7.      Without notice and knowledge of its material misrepresentations or omissions,

Defendants have not instructed Defendant NYPD police officers not to issue incorrect Notices of Violation.

8.      As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff and members of the putative Class have sustained economic injury by paying fines for violations that did not exist and which they did not commit.

9.      Plaintiff seeks damages and equitable remedies under statutory and common law claims for himself and members of the putative Class, of which Plaintiff is a member. Identified definitively below, the putative Class includes individuals who, from April 20, 2017, to the present, received and paid a fine for allegedly violating Section 4-08(h)(10) of the Muni Meter Rules.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343 because Plaintiff seeks redress for the deprivation of his rights in violation of the Constitution and laws of the United States.

11.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

12.     Plaintiff's claims for declaratory and injunctive relief are authorized pursuant to §§ 28 U.S.C. 2201 and 2202.

13.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because (i) a substantial amount of the acts and transactions giving rise to this action occurred in this District; (ii) Defendants are authorized to operate and exercise governmental authority in this District and have intentionally availed themselves of the laws within this District and (iii) Defendants currently operate and exercise governmental authority in this District.

14.     On July 10, 2017, prior to commencing the within action, Plaintiff, individually and on behalf of all others similarly situated, timely filed and served a Verified Notice of Claim against Defendant NYC. On July 19, 2017, prior to commencing the within action, Plaintiff, individually, and on behalf of all others similarly situated, timely filed and served a Verified Notice of Claim against Defendants DOT, DOF, PVB and NYPD. More than thirty (30) days have elapsed since Plaintiff timely filed and served a Verified Notice of Claim against Defendants.

**PARTIES**

15.     Plaintiff is a citizen of the State of New York and a resident of Kings County. Plaintiff holds a valid New York State driver's license and is authorized to and does operate a motor vehicle in this District and throughout the State of New York.

16.     Defendant the City of New York ("NYC") is a municipal corporation duly organized and existing under the laws of the State of New York, exercising governmental authority. Defendant NYC is a person for purposes of 42 U.S.C. § 1983.

17.     Defendant the New York City Department of Transportation ("DOT") is a local government agency, bureau, department and/or subdivision of Defendant NYC, exercising governmental authority. Defendant DOT is responsible for much of NYC's transportation infrastructure. Defendant DOT is a person for purposes of 42 U.S.C. § 1983.

18.     Defendant the New York City Department of Finance ("DOF") is a local government agency, bureau, department and/or subdivision of Defendant NYC, exercising governmental authority. Defendant DOF is the revenue service, taxation agency and recorder of deeds of NYC. Defendant DOF is a person for purposes of 42 U.S.C. § 1983.

19.     Defendant the New York City Parking Violations Bureau ("PVB") is a local government agency, bureau, department and/or subdivision of Defendant DOF, exercising

4

governmental authority. Defendant PVB is an administrative court that adjudicates NYC parking violations. Defendant PVB is a person for purposes of 42 U.S.C. § 1983.

20.     Defendant the New York City Police Department ("NYPD") is a local government agency, bureau, department and/or subdivision of Defendant NYC, exercising governmental authority. Defendant NYPD is the largest municipal police force in the United States and is primarily responsible for law enforcement and investigation within the five (5) boroughs of NYC. Defendant NYPD is a person for purposes of 42 U.S.C. § 1983.

21.     At all relevant times to this action, Defendants exercised governmental authority in this District.

## STATEMENT OF FACTS

### I.     New York City's Muni Meter Parking System

22.     Defendant the City of New York ("NYC") utilizes a centralized Muni Meter parking system to regulate and enforce approximately 85,000 paid public on-street parking spaces.[1] Drivers may purchase parking time from Muni Meters located adjacent to these parking spaces.

23.     To purchase on-street parking from a Muni Meter, drivers must select the length of time they wish to park their vehicle and pay the associated fee by depositing coins or inserting a credit/debit card or prepaid parking card. The Muni Meter then dispenses a time stamped receipt indicating the length of parking time purchased. Drivers must display this receipt on their vehicle's dashboard.

### II.     Enforcement of New York City's Muni Meter Parking System

24.     The laws and regulations of Defendant NYC's Muni Meter rules are contained in

---

[1] New York City Comptroller, *New York City Fine Revenues Update* (May 3, 2017), available at https://comptroller.nyc.gov/reports/new-york-city-fine-revenues-update/ (last visited August 22, 2017).

Title 34, Chapter 4, Section 4-08(h), of the Rules of the City of New York ("Muni Meter Rules"). The Muni Meter Rules are promulgated by Defendant the New York City Department of Transportation ("DOT") and govern the use of Defendant NYC's paid public on-street parking spaces.

25.     Compliance with the Muni Meter Rules is enforced by Defendant the New York City Police Department ("NYPD"). Defendant NYPD issues Notices of Violations, commonly referred to as parking tickets, to individuals accused of violating the Muni Meter Rules. Defendant NYPD utilizes handheld printing devices to scan a vehicle's registration and issue a Notice of Violation. The handheld printing device is pre-programmed with the violations contained in the Muni Meter Rules and their corresponding statutes. Once a Defendant NYPD police officer selects an applicable violation, the corresponding statute automatically populates the Notice of Violation.

26.     The recipient of a Notice of Violation may plead guilty to the alleged violation and pay the prescribed fine in person, by mail or through Defendant the New York City Department of Finance's ("DOF") website. Defendant DOF is responsible for collecting and processing payment of all Muni Meter Rule fines.

27.     The recipient of a Notice of Violation may plead not guilty to the alleged violation and request a hearing in person, by mail or through Defendant DOF's website. The Notice of Violation is then adjudicated by an administrative law judge within the Defendant New York City Parking Violations Bureau ("PVB"). If found guilty, an individual can appeal the administrative law judge's decision by filing an application with Defendant PVB's appeals unit. An appeal of the appeals board's decision may be filed with the Supreme Court of the State of New York, County of New York, pursuant to Article 78 of the New York Civil Practice Law and Rules.

### III. Civil Penalties for Violations of New York City's Muni Meter Rules

28.     Defendant NYC issues approximately 9 million to 11 million parking tickets each year for violations of the Muni Meter Rules.[2] A violation of the Muni Meters Rules subjects a driver to a civil penalty of approximately thirty-five dollars ($35).

29.     In 2016, Defendants collected $565 million dollars in fines for parking violations.[3] Parking violations represent Defendant NYC's largest revenue source and sharpest increase of fine revenue, rising six percent (6%) from $513 million in 2012.[4]



### IV. New York City's 2017 Amendment of the Muni Meter Rules

30.     Prior to April 20, 2017, Section 4-08(h)(10) of the Muni Meter Rules set forth:

**(10) "Muni-Meters."**
**(i)** No person shall, in any parking space controlled by a "Muni-Meter," park a vehicle without first purchasing the amount of parking time desired from such machine.

---

[2] *Id.*
[3] *Id.*
[4] *Id.*

(ii) No person shall, in any parking space controlled by a "Muni-Meter," park a vehicle without displaying a payment receipt in the windshield, where such requirement is indicated by posted signs.

(iii) No person shall, in any parking space controlled by a "Muni-Meter," which allows a person to purchase the amount of parking time desired from a machine that dispenses a receipt or tag to be displayed in the windshield, park a vehicle in excess of the amount of time indicated on such receipt or tag, or on posted signs.

31.    On April 20, 2017, Defendant DOT amended the Muni Meter Rules, striking Section 4-08(h)(10) in its entirety. Defendant DOT replaced Section 4-08(h)(1) with new language reflecting the relevant provisions of former Section 4-08(h)(10).[5] Section 4-08(h)(1) now provides:

(1) **Purchasing of parking time.** No person shall park a vehicle, whether attended or not, in any parking space controlled by a parking meter:

(i) Without first purchasing the amount of parking time desired from a parking meter, or from a valid electronic communication device as described in this section. This provision shall not apply to the time necessary to park the vehicle or activate the parking meter or any other authorized grace period.

(ii) Without displaying a payment receipt on the vehicle's dashboard or in a visible and secure place on a motorcycle, where such requirement is indicated by posted signs, unless such parking time was purchased through an authorized electronic communication device as described in this section.

(iii) In excess of the amount of time indicated on the payment receipt, electronic communication device, or on posted signs.[6]

32.    The current Muni Meter Rules do not contain a Section 4-08(h)(10).

33.    A search of Defendant DOT's website only yields a copy of the current version of the Muni Meter Rules.[7] One is unable to view the former Muni Meter Rules to read the language of repealed Section 4-08(h)(10).

---

[5] New York City Department of Transportation, *Notice of Public Hearing and Opportunity to Comment on Proposed Rules* (Dec. 1, 2016), available at http://www.nyc.gov/html/dot/downloads/pdf/notice-of-public-hearing-01-31-2017.pdf (last visited August 22, 2017).

[6] New York City Department of Transportation, *Traffic Rules* (April 20, 2017), available at http://www.nyc.gov/html/dot/downloads/pdf/trafrule.pdf (last visited August 22, 2017).

[7] New York City Department of Transportation, *Highway and Traffic Rules*, available at http://www.nyc.gov/html/dot/html/motorist/traffic_rules.shtml (last visited August 22, 2017).

## V. Plaintiff is Assessed Civil Penalties for Allegedly Violating Repealed Section 4-08(h)(10) of the Muni Meter Rules

### a. Plaintiff's Notice of Violation for an Expired Muni Meter Receipt

34.     On April 26, 2017, Plaintiff parked his vehicle in a Defendant NYC paid public on-street parking space. Plaintiff purchased parking time from the Muni Meter located adjacent to his parking space and displayed the time stamped Muni Meter receipt on his vehicle's dashboard.

35.     At approximately 12:38 p.m., a Defendant NYPD police officer allegedly observed that the allotted parking time on Plaintiff's Muni Meter Receipt had expired, in violation of Section 4-08(h)(1) of the Muni Meter Rules.

36.     The Defendant NYPD police officer utilized his handheld printing device to scan Plaintiff's vehicle registration and issue a Notice of Violation. The Defendant NYPD police officer's handheld printing device was not updated on April 20, 2017, and was pre-programmed with violations of the outdated Muni Meter Rules and their incorrect corresponding statutes.

37.     When the Defendant NYPD police officer selected the applicable violation of the outdated Muni Meter Rules from his handheld printing device, the device automatically populated the Notice of Violation with repealed Section 4-08(h)(10) instead of current Section 4-08(h)(1).

38.     Plaintiff subsequently returned to his vehicle and discovered that he received a Notice of Violation for allegedly failing to display a valid Muni Meter receipt on his vehicle's dashboard. The Notice of Violation incorrectly alleged that Plaintiff had violated repealed Section 4-08(h)(10) of the Muni Meter Rules.

**The City of New York**
**Notice of Parking Violation**

YOU MUST ANSWER WITHIN 30 DAYS OF THE DATE OF THIS TICKET.
IF YOU DO NOT RESPOND, PENALTIES AND INTEREST WILL BE
ADDED AND YOUR VEHICLE MAY BE BOOTED OR TOWED.

N/S=Not Shown
N/A=Not Applicable

| Permit Displayed | Permit Number | Type |
|---|---|---|
| N/S | N/A | N/A |

Name of the Operator, if present. If not present:
OWNER OF THE VEHICLE BEARING LICENSE

| Plate | CD | Exp. Date | State | Plate Type |
|---|---|---|---|---|
| ▓▓▓ | 1 | ▓▓▓ | NY | PAS |

| Make | Color | Year | Body Type |
|---|---|---|---|
| ▓▓▓ | ▓▓▓ | ▓▓▓ | 4DSD |

VIN #
▓▓▓

THE OPERATOR AND OWNER OF THE ABOVE VEHICLE ARE CHARGED AS FOLLOWS:

In Violation of NYC Traffic Rules, Section: 4-08(h)(10)(i)

Expired Muni Meter
DAYS/HRS: MTuWTh/ 8:30 A- 7 P

Place of Occurrence

Front of ▓▓▓

| VC | Meter # | Operational | Limit | County | Pct. |
|---|---|---|---|---|---|
| 37 | 311-3012 | Y | 5 Mn | K | 066 |

| Date/Time of Offense | Date/Time 1st Observed |
|---|---|
| 04/26/17  12:38 PM | 04/26/17 12:08 PM |

Complainant's Comments:

1st Obs is Muni Meter Exp.

**FINE AMOUNT:** $ 35.00

| Agency | Command | Tax Reg # |
|---|---|---|
| TRAFFIC | T-302 | 362196 |

Complainant's Name

LEGURRE, J.

Signature of Complainant

I affirm under penalty of perjury (Penal Law 210.45) that I personally observed the offense charged above; if the operator was present I indicated the operator's name as indicated "ID Refused" and personally served this Notice upon him/her; if the operator was not present or refused to accept personal service of this Notice, I affixed this Notice to the vehicle.

X ▓▓▓

39.    On or about June 22, 2017, Plaintiff paid the assessed thirty-five dollar ($35) fine

and ten dollar ($10) late fee for his alleged violation of Section 4-08(h)(10) of the Muni Meter

Rules to Defendant DOF through Defendant DOF's website.

10

**b.  Plaintiff's Notice of Violation for Failing to Display a Muni Meter Receipt**

40.     On May 5, 2017, Plaintiff parked his vehicle in a Defendant NYC paid public on-street parking space. At approximately 2:55 p.m., a Defendant NYPD police officer allegedly observed that Plaintiff failed to properly display a valid Muni Meter Receipt on his vehicle's dashboard, in violation of Section 4-08(h)(1) of the Muni Meter Rules.

41.     The Defendant NYPD police officer utilized his handheld printing device to scan Plaintiff's vehicle registration and issue a Notice of Violation. The Defendant NYPD police officer's handheld printing device was not updated on April 20, 2017, and was pre-programmed with violations of the outdated Muni Meter Rules and their incorrect corresponding statutes.

42.     When the Defendant NYPD police officer selected the applicable violation of the outdated Muni Meter Rules from his handheld printing device, the device automatically populated the Notice of Violation with repealed Section 4-08(h)(10) instead of current Section 4-08(h)(1).

43.     Plaintiff subsequently returned to his vehicle and discovered that he was issued a Notice of Violation for allegedly failing to properly display a valid Muni Meter receipt on his vehicle's dashboard. The notice of Violation incorrectly alleged that Plaintiff had violated repealed Section 4-08(h)(10) of the Muni Meter Rules.

**The City of New York**
**Notice of Parking Violation**

YOU MUST ANSWER WITHIN 30 DAYS OF THE DATE OF THIS TICKET.
IF YOU DO NOT RESPOND, PENALTIES AND INTEREST WILL BE
ADDED AND YOUR VEHICLE MAY BE BOOTED OR TOWED.

N/S=Not Shown
N/A=Not Available

| Permit Displayed | Permit Number | Type |
|---|---|---|
| N/S | N/A | N/A |

Name of the Operator, if present.  If not present:
OWNER OF THE VEHICLE BEARING LICENSE

| Plate | CD | Exp. Date | State | Plate Type |
|---|---|---|---|---|
| ▮ | 1 | ▮ | NY | PAS |

| Make | Color | Year | Body Type |
|---|---|---|---|
| ▮ | ▮ | ▮ | 4DSD |

VIN #
▮

THE OPERATOR AND OWNER OF THE ABOVE VEHICLE ARE CHARGED AS FOLLOWS:

In Violation of NYC Traffic Rules, Section: 4-08(h)(10)(ll)

Failure to Dsply Muni Rec
DAYS/HRS: EXCEPT Su/ 9 A- 7 P

Place of Occurrence

Front of ▮

| VC | Meter # | Operational | Limit | County | Pct. |
|---|---|---|---|---|---|
| 38 | | | | K | 063 |

| Date/Time of Offense | Date/Time 1st Observed |
|---|---|
| 05/05/17  02:55 PM | N/A |

Complainant's Comments:

Receipt is Face Down On Dash

**FINE AMOUNT:**    **$ 35.00**

| Agency | Command | Tax Reg # |
|---|---|---|
| TRAFFIC | T-302 | 364879 |

Complainant's Name

RAO, H.

Signature of Complainant

I affirm under penalty of perjury (Penal Law 210.45) that I personally observed the offense charged above; if the operator was present I indicated the operator's name or indicated "U Refused" and personally served this Notice upon him/her; if the operator was not present or refused to accept personal service of this Notice, I affixed this Notice to the vehicle.

x  H Rao

8548755994

44.     On or about June 22, 2017, Plaintiff paid the assessed thirty-five dollar ($35) fine and ten dollar ($10) late fee for his alleged violation of Section 4-08(h)(10) of the Muni Meter Rules to Defendant DOF through Defendant DOF's website.

c.  **Plaintiff and Class members are Entitled to a Full Refund of the Civil Penalties Paid for Alleged Violations of Section 4-08(h)(10) of the Muni Meter Rules**

45.     At the time Plaintiff and Class members paid the assessed fines for their alleged violations, Defendants represented that the Muni Meter Rules contained a Section 4-08(h)(10) and that failing to properly display a valid Muni Meter receipt on a vehicle's dashboard is a violation of Section 4-08(h)(10) of the Muni Meter Rules.

46.     Plaintiff and Class members paid the assessed fine for their alleged violations of Section 4-08(h)(10) of the Muni Meter Rules out of fear of incurring late fees and/or other penalties for failing to remit payment for their alleged violations.

47.     At all relevant times, Defendants were aware that Defendant NYPD's handheld printing devices were pre-programmed with violations of the outdated Muni Meter Rules and their incorrect corresponding statutes. At no time did Defendants update the devices with the correct violation statutes or instruct Defendant NYPD not to issue incorrect Notices of Violation. Rather, Defendants allowed Defendant NYPD to continue issuing incorrect Notices of Violation.

48.     At all relevant times, Defendants were aware that Plaintiff's and Class members' Notices of Violation incorrectly alleged that they violated repealed Section 4-08(h)(10). At no time did Defendants notify Plaintiff and Class members that the Notices of Violation failed to allege a valid violation of the Muni Meter Rules. At no time did Defendants dismiss Plaintiff's and Class members' Notices of Violation, *sua sponte*, for failing to allege a valid violation of the Muni Meter Rules.

49.     Defendants knowingly accepted Plaintiff's and Class members' payments for alleged violations of repealed Section 4-08(h)(10). At no time did Defendants refund Plaintiff's and Class members' payments for the invalid violations.

50.     Defendants engaged in the above-described actionable statements, omissions and

concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiff and Class members rely upon such concealment, suppression and omissions.

51.    Alternatively, Defendants were reckless in not knowing that these representations were false and misleading at the time they were made. Defendants had access to data and information concerning the accuracy of Defendant NYPD's pre-programmed handheld printing devices and issued Notices of Violation pertaining to Section 4-08(h)(10) that Plaintiff and Class members could not review.

52.    Plaintiff and Class members reasonably relied upon Defendants' omissions and misrepresentations. As a direct and proximate result of Defendants' actions, Plaintiff and Class members have sustained economic injury by paying fines for violations that did not exist and which they did not commit.

53.    Plaintiff and Class members are entitled to a full refund of the civil penalties paid for alleged violations of Section 4-08(h)(10) of the Muni Meter Rules, even in the event that they violated Section 4-08(h)(1). At no time did Defendants notify Plaintiff and Class members that they were accused of violating Section 4-08(h)(1) of the Muni Meter Rules. Nor is a copy of the outdated Muni Meter Rules available on Defendant DOT's website to allow Plaintiff and Class members to read the language of repealed Section 4-08(h)(10).

54.    Defendants' collection of civil penalties without providing Plaintiff and Class members notice of the correct statute they were accused of violating, Section 4-08(h)(1), deprives them of their property without due process, as guaranteed under the Constitution and laws of the United States and State of New York.

55.    Plaintiff brings this action on behalf of himself and similarly situated Class members to recover statutory damages and for injunctive relief to end the Defendants' deceptive practices.

## CLASS ALLEGATIONS

56.     Plaintiff repeats and realleges every allegation above as if set forth herein in full.

57.     Plaintiff brings this action on his own behalf, and on behalf of the following

Classes pursuant to Fed. R. Civ. P. 23(a), 23(b) (2), and/or 23(b) (3):

> **National Class:** All persons in the United States who from April 20, 2017, to the present received a Notice of Violation for allegedly violating Section 4-08(h)(10) of the Muni Meter Rules and (i) pled guilty and paid a fine for the alleged violation (ii) pled not-guilty and paid a fine for the alleged violation after a determination of guilt by a Defendant PVB administrative law judge (iii) pled not-guilty and paid a fine for the alleged violation after a determination of guilt by the Defendant PVB's appeals board or (iv) pled not-guilty and paid a fine for the alleged violation after a determination of guilt by the Supreme Court of the State of New York, County of New York.

> **New York Subclass:** All persons in New York who from April 20, 2017, to the present received a Notice of Violation for allegedly violating Section 4-08(h)(10) of the Muni Meter Rules and (i) pled guilty and paid a fine for the alleged violation (ii) pled not-guilty and paid a fine for the alleged violation after a determination of guilt by a Defendant PVB administrative law judge (iii) pled not-guilty and paid a fine for the alleged violation after a determination of guilt by the Defendant PVB's appeals board or (iv) pled not-guilty and paid a fine for the alleged violation after a determination of guilt by the Supreme Court of the State of New York, County of New York.

58.     Excluded from the Class are Defendants, their governing agencies, subsidiaries, affiliates, employees, officers and directors; any co-conspirators; federal governmental entities and instrumentalities of the federal government; states and their subdivisions, agencies, and instrumentalities; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and Class counsel.

59.     Plaintiff reserves the right to amend or modify the Class definitions in connection with a motion for Class certification or as warranted by discovery.

60.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria set forth in Federal Rule of Civil Procedure 23.

61.      Plaintiff does not know the exact size of the proposed Class; however, Plaintiff

believes that the Class encompasses thousands of individuals who are dispersed throughout the United States and the State of New York. Therefore, the proposed Class is so numerous that joinder of all members is impracticable.

62.     The identity and address of each Class member can be readily ascertained through mass advertisement and should be in the possession of Defendants. Class members may be notified of the pendency of this action by mail and/or electronic mail and/or other electronic and social media means.

63.     There are questions of law and fact that are common to the Class, and predominate over any questions affecting only individual members of the Class. The damages sustained by Plaintiff and Class members arise from the common nucleus of operative facts surrounding Defendants' misconduct. The common questions include, but are not limited to:

a.   whether the Muni Meter Rules contain a Section 4-08(h)(10) and whether failing to properly display a valid Muni Meter receipt on a vehicle's dashboard is a violation of Section 4-08(h)(10);

b.   whether Defendants represented that the Muni Meter Rules contain a Section 4-08(h)(10) and that failing to properly display a valid Muni Meter receipt on a vehicle's dashboard is a violation of Section 4-08(h)(10);

c.   whether Defendants routinely issued and collected fines for Notices of Violation alleging violations that did not exist and for which Plaintiff and Class members did not commit;

d.   whether Defendants engaged in these statements, omissions and concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiff and Class members rely upon such concealment, suppression and omissions;

e.   whether Defendants deprived Plaintiff and Class members of their property without due process by failing to provide them with notice of the correct statute they were accused of violating, Section 4-08(h)(1) of the Muni Meter Rules;

f.   whether Defendants' conduct constituted a violation of 42 U.S.C. § 1983;

g.   whether Defendants' conduct constituted a violation of the Fifth and Fourteenth Amendments of the United States Constitution;

h.   whether Defendants' conduct constituted a violation Article 1, Section 6, of the

16

New York State Constitution;

i.  whether Defendants were unjustly enriched by collecting fines for violations that did not exist and which Plaintiff and Class members did not commit;

j.  whether, as a result of Defendants' omissions and/or misrepresentations of material facts, Plaintiff and members of the Class have suffered an ascertainable loss of monies and/or property and/or value; and

k.  whether Plaintiff and Class members are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief.

64.    Plaintiff's claims are typical of the claims of the Class since each Class member was subject the same deceptive practices and course of conduct. Furthermore, Plaintiff and all members of the Class sustained monetary damages including, but not limited to, ascertainable loss arising out of Defendants' wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class members.

65.    Plaintiff is committed to the vigorous prosecution of the Class' claims. Plaintiff will fairly and adequately represent the interests of the Class. No conflict of interest exists between the representative and the Class members or with respect to the claims for relief requested.

66.    The representative and his chosen attorneys are familiar with the subject matter of the lawsuit and have full knowledge of the allegations contained in this complaint so as to be able to assist in its prosecution. The representative's attorneys are competent in the relevant areas of the law, have sufficient experience to vigorously represent the Class, and the resources to ensure that this litigation will not be hampered by a lack of financial capacity.

67.    A class action is superior to other methods for the fair and efficient adjudication of this controversy. The damages suffered by each individual Class member do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the members

of the Class to individually and effectively redress the wrongs done to them. A class action

regarding the issues in this case does not create any problems of manageability. The class action

device presents far fewer management difficulties than alternative methods of adjudication, and

provides the benefit of single adjudication, economy of scale, and comprehensive supervision by

a single court.

68.     The Class may also be certified because:

   a.   the prosecution of separate actions by the individual members of the Class would
        create a risk of inconsistent or varying adjudication with respect to individual Class
        members which would establish incompatible standards of conduct for Defendants;

   b.   the prosecution of separate actions by individual Class members would create a risk
        of adjudications with respect to them which would, as a practical matter, be
        dispositive of the interests of the other Class members not parties to the
        adjudications, or substantially impair or impede the ability to protect their interests;
        and

   c.   Defendants have acted or refused to act on grounds generally applicable to the
        Class, thereby making appropriate final and injunctive relief with respect to the
        members of the Class as a whole.

69.     Injunctive and declaratory Class-wide relief is also appropriate because

Defendants have acted or refused to act on grounds generally applicable to the Class.

## <u>COUNT I</u>
## <u>DEPRIVATION OF RIGHTS IN VIOLATION OF 42 U.S.C. § 1983</u>

70.     Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein

71.     Defendants are persons within the meaning of 42 U.S.C. § 1983.

72.     Plaintiff and Class members are citizens of the United States.

73.     Defendants issued Notices of Violation to Plaintiff and Class members alleging

violations of the Muni Meter Rules that did not exist and which they did not commit.

74.     Defendants collected payment of fines from Plaintiff and Class members for

violations of the Muni Meter Rules that did not exist and which they did not commit.

75.     At all relevant times, Defendants represented that the Notices of Violation issued

to Plaintiff and Class members alleged valid and/or current violations of the Muni Meter Rules.

76.    At all relevant times, Defendants were aware that the issued Notices of Violation to Plaintiff and Class members alleged violations of the Muni Meter Rules that did not exist and which they did not commit.

77.    Defendants engaged in the above-described actionable statements, omissions and concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiff and Class members rely upon such concealment, suppression and omissions.

78.    Alternatively, Defendants were reckless in not knowing that these representations were false and misleading at the time they were made.

79.    Plaintiff and Class members reasonably relied upon Defendants' omissions and misrepresentations. As a direct and proximate result of Defendants' actions, Plaintiff and Class members have sustained economic injury by paying fines for violations that did not exist and which they did not commit.

80.    In the event that Plaintiff and Class members violated Section 4-08(h)(1) of the Muni Meter Rules, Defendants failed to notify Plaintiff and Class members that they were accused of violating Section 4-08(h)(1). Defendants collected payment for these fines from Plaintiff and Class members, depriving them of their property without due process in violation of the Constitution and laws of the United States.

81.    As a result of Defendants' actions, Plaintiff and Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate.

## COUNT II
### DEPRIVATION OF DUE PROCESS IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

82.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein

83.    Defendants are persons within the meaning of 42 U.S.C. § 1983.

84.    Plaintiff and Class members are citizens of the United States.

85.    Defendants issued Notices of Violation to Plaintiff and Class members alleging violations of the Muni Meter Rules that did not exist and which they did not commit.

86.    Defendants collected payment of fines from Plaintiff and Class members for violations of the Muni Meter Rules that did not exist and which they did not commit.

87.    At all relevant times, Defendants represented that the Notices of Violation issued to Plaintiff and Class members alleged valid and/or current violations of the Muni Meter Rules.

88.    At all relevant times, Defendants were aware that the issued Notices of Violation to Plaintiff and Class members alleged violations of the Muni Meter Rules that did not exist and which they did not commit.

89.    Defendants engaged in the above-described actionable statements, omissions and concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiff and Class members rely upon such concealment, suppression and omissions.

90.    Alternatively, Defendants were reckless in not knowing that these representations were false and misleading at the time they were made.

91.    Plaintiff and Class members reasonably relied upon Defendants' omissions and misrepresentations. As a direct and proximate result of Defendants' actions, Plaintiff and Class members have sustained economic injury by paying fines for violations that did not exist and which they did not commit.

92.    In the event that Plaintiff and Class members violated Section 4-08(h)(1) of the Muni Meter Rules, Defendants failed to notify Plaintiff and Class members they were accused of violating Section 4-08(h)(1). Defendants collected payment for these fines from Plaintiff and Class members, depriving them of their property without due process in violation of the

Constitution and laws of the United States.

93.     As a result of Defendants' actions, Plaintiff and Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate.

**COUNT III**
**DEPRIVATION OF DUE PROCESS IN VIOLATION OF THE FOURTEENTH**
**AMENDMENT TO THE UNITED STATES CONSTITUTION**

94.     Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein

95.     Defendants are persons within the meaning of 42 U.S.C. § 1983.

96.     Plaintiff and Class members are citizens of the United States.

97.     Defendants issued Notices of Violation to Plaintiff and Class members alleging violations of the Muni Meter Rules that did not exist and which they did not commit.

98.     Defendants collected payment of fines from Plaintiff and Class members for violations of the Muni Meter Rules that did not exist and which they did not commit.

99.     At all relevant times, Defendants represented that the Notices of Violation issued to Plaintiff and Class members alleged valid and/or current violations of the Muni Meter Rules.

100.     At all relevant times, Defendants were aware that the issued Notices of Violation to Plaintiff and Class members alleged violations of the Muni Meter Rules that did not exist and which they did not commit.

101.     Defendants engaged in the above-described actionable statements, omissions and concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiff and Class members rely upon such concealment, suppression and omissions.

102.     Alternatively, Defendants were reckless in not knowing that these representations were false and misleading at the time they were made.

103.     Plaintiff and Class members reasonably relied upon Defendants' omissions and

misrepresentations. As a direct and proximate result of Defendants' actions, Plaintiff and Class members have sustained economic injury by paying fines for violations that did not exist and which they did not commit.

104.    In the event that Plaintiff and Class members violated Section 4-08(h)(1) of the Muni Meter Rules, Defendants fDeD payment for these fines from Plaintiff and Class members, depriving them of their property without due process in violation of the Constitution and laws of the United States.

105.    As a result of Defendants' actions, Plaintiff and Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate.

## <u>COUNT IV</u>
## DEPRIVATION OF DUE PROCESS IN VIOLATION OF ARTICLE 1, SECTION 6, OF THE NEW YORK STATE CONSTITUTION

106.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

107.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein

108.    Defendants are persons within the meaning of 42 U.S.C. § 1983.

109.    Plaintiff and Class members are citizens of the United States.

110.    Defendants issued Notices of Violation to Plaintiff and Class members alleging violations of the Muni Meter Rules that did not exist and which they did not commit.

111.    Defendants collected payment of fines from Plaintiff and Class members for violations of the Muni Meter Rules that did not exist and which they did not commit.

112.    At all relevant times, Defendants represented that the Notices of Violation issued to Plaintiff and Class members alleged valid and/or current violations of the Muni Meter Rules.

113.    At all relevant times, Defendants were aware that the issued Notices of Violation to Plaintiff and Class members alleged violations of the Muni Meter Rules that did not exist and

which they did not commit.

114.    Defendants engaged in the above-described actionable statements, omissions and concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiff and Class members rely upon such concealment, suppression and omissions.

115.    Alternatively, Defendants were reckless in not knowing that these representations were false and misleading at the time they were made.

116.    Plaintiff and Class members reasonably relied upon Defendants' omissions and misrepresentations. As a direct and proximate result of Defendants' actions, Plaintiff and Class members have sustained economic injury by paying fines for violations that did not exist and which they did not commit.

117.    In the event that Plaintiff and Class members violated Section 4-08(h)(1) of the Muni Meter Rules, Defendants failed to notify Plaintiff and Class members they were accused of violating Section 4-08(h)(1). Defendants collected payment for these fines from Plaintiff and Class members, depriving them of their property without due process in violation of the Constitution and laws of the State of New York.

118.    As a result of Defendants' actions, Plaintiff and Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate.

## COUNT V
## FRAUDULENT CONCEALMENT / FRAUDULENT INDUCEMENT

119.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

120.    Defendants issued Notices of Violation to Plaintiff and Class members alleging violations of the Muni Meter Rules that did not exist and which they did not commit.

121.    Defendants collected payment of fines from Plaintiff and Class members for

violations of the Muni Meter Rules that did not exist and which they did not commit.

122.    At all relevant times, Defendants falsely represented that the Notices of Violation issued to Plaintiff and Class members alleged valid and/or current violations of the Muni Meter Rules.

123.    At all relevant times, Defendants were aware that the issued Notices of Violation to Plaintiff and Class members alleged violations of the Muni Meter Rules that did not exist and which they did not commit.

124.    Defendants engaged in the above-described actionable statements, omissions and concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiff and Class members rely upon such concealment, suppression and omissions.

125.    Defendants had and continue to have a duty to inform individuals that the Muni Meter Rules do not contain a Section 4-08(h)(10) and that Notices of Violation issued for this violation are invalid.

126.    That the Muni Meter Rules do not contain a Section 4-08(h)(10) and that Notices of Violation issued for this violation are invalid is material information that Defendants have a duty to disclose to those remitting payment for violations of Section 4-08(h)(10) of the Muni .Meter Rules.

127.    Defendants, with the intent that individuals rely thereupon, including Plaintiff and Class members, continue to issue Notices of Violation alleging violations of the Muni Meter Rules that do not exist and which individuals did not commit, causing individuals, including Plaintiff and Class members, to remit payment for violations that do not exist and which they did not commit.

128.    Plaintiff and Class members reasonably relied upon Defendants' omissions and misrepresentations. As a direct and proximate result of Defendants' actions, Plaintiff and Class

members have sustained economic injury by paying fines for violations that did not exist and which they did not commit.

129.    As a result of Defendants' actions, Plaintiff and Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate.

<u>**COUNT VI**</u>
**NEGLIGENT MISREPRESENTATION**

130.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

131.    Defendants issued Notices of Violation to Plaintiff and Class members alleging violations of the Muni Meter Rules that did not exist and which they did not commit.

132.    Defendants collected payment of fines from Plaintiff and Class members for violations of the Muni Meter Rules that did not exist and which they did not commit.

133.    At all relevant times, Defendants represented that the Notices of Violation issued to Plaintiff and Class members alleged valid and/or current violations of the Muni Meter Rules.

134.    Defendants had and continue to have a duty to inform individuals that the Muni Meter Rules do not contain a Section 4-08(h)(10) and that Notices of Violation issued for this violation are invalid.

135.    That the Muni Meter Rules do not contain a Section 4-08(h)(10) and that Notices of Violation issued for this violation are invalid is material information that Defendants have a duty to disclose to those remitting payment for violations of Section 4-08(h)(10) of the Muni .Meter Rules.

136.    At the time Defendants made their representations that the Notices of Violation issued to Plaintiff and Class members alleged valid and/or current violations of the Muni Meter Rules, Defendants knew or should have known that these representations were false or that

Defendants made them without knowledge of their truth or veracity.

137.    Having negligently misrepresented and/or negligently omitted these material facts, Defendants have and continue to issue Notices of Violation alleging violations of the Muni Meter Rules that do not exist and which individuals did not commit.

138.    Based upon Defendants' negligent misrepresentation or concealment of these material facts, Defendants induced individuals, including Plaintiff and Class members, to rely upon Defendants' omission and misrepresentation, and to remit payment for violations that did not exist and which they did not commit.

139.    Plaintiff and Class members reasonably relied upon Defendants' omissions and misrepresentations. As a direct and proximate result of Defendants' actions, Plaintiff and Class members have sustained economic injury by paying fines for violations that did not exist and which they did not commit.

140.    As a result of Defendants' actions, Plaintiff and Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate.

**COUNT VII**
**UNJUST ENRICHMENT**

141.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

142.    Plaintiff and Class members have conferred substantial benefits on Defendants by paying for violations of Muni Meter Rules that did not exist and which they did not commit. Defendants have knowingly and willingly accepted and enjoyed these benefits. Defendants continue to knowingly and willingly accept and enjoy these benefits.

143.    Defendants knew or should have known that the payments tendered by Plaintiff and the Class members were given and received with the expectation that the Notices of

Violation issued to Plaintiff and Class members alleged valid and/or current violations of the Muni Meter Rules. For Defendants to retain the benefit of the payments under these circumstances is inequitable.

144.    Defendants unlawfully retained money belonging to Plaintiff and Class members.

145.    Defendants have been unjustly enriched through their retention of money belonging to Plaintiff and Class members.

146.    Plaintiff and Class members are entitled to restitution as it is unjust and inequitable for Defendants to retain such money based on the unlawful conduct described above. Such money belongs in good conscience to Plaintiff and Class members.

147.    As a direct and proximate result of Defendants' wrongful conduct and unjust enrichment, Plaintiff and Class members are entitled to restitution from and institution of a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendants through this inequitable conduct.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief against Defendants as set forth below:

a.  An award of damages, including actual, general, special, incidental, statutory, punitive, treble and consequential, in an amount to be determined at trial;

b.  Notice to the Class of this action;

c.  An injunction against Defendants prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

d.  Appoint Plaintiff as the representative of the Class and his counsel as Class counsel;

e.  Pre-judgment and post-judgment interest as provided by law;

f.  Reasonable attorneys' fees and costs; and

g.  Such other and further relief that this Court deems appropriate.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
        August 23, 2017

Respectfully Submitted,


IMBESI LAW P.C.

/s/ _Brittany Weiner_
Brittany Weiner, Esq.
450 Seventh Avenue, Suite 1408
New York, New York 10123
(646) 767-2271
Brittany@lawicm.com